**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

STEPHEN A. BISCHOFF, JR.       )
    Plaintiff,                )
                      )
       v.                     )       CAUSE NO.: 4:25-CV-9-JEM
                      )
FRANK BISIGNANO, Commissioner  )
of the Social Security Administration, )
    Defendant.               )

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Stephen A. Bischoff, Jr., on February 7, 2025, and Plaintiff's Opening Brief [DE 14] filed on June 16, 2025. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On September 3, 2025, the Commissioner filed a response, and Plaintiff filed a reply on November 3, 2025. For the following reasons, the Court remands the Commissioner's decision.

**I.    Background**

On November 2, 2020, Plaintiff filed applications for disability insurance benefits ("DIB") and for supplemental security income ("SSI") alleging that he became disabled on October 1, 2019. His applications were denied initially and upon reconsideration. On June 9, 2022, Administrative Law Judge ("ALJ") Marc Jones held a hearing and, on June 15, 2022, issued a partially favorable decision, finding that Plaintiff was not disabled prior to May 16, 2022, but became disabled on that date and continued to be disabled through the date of the decision.

Plaintiff appealed that decision to the Appeals Council and ultimately to federal court, where, on December 11, 2023, Judge Damon R. Leichty granted the Commissioner's unopposed motion to reverse the Commissioner's decision and remand the matter for further administrative

proceedings. On remand, the Appeals Council vacated the unfavorable portion of the Commissioner's decision and remanded the case to an ALJ.

On September 18, 2024, ALJ Tiffani Jake held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On October 30, 2024, the ALJ issued an unfavorable decision for the period from October 1, 2019, through May 15, 2022. The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2. The claimant has not engaged in substantial gainful activity since October 1, 2019, the alleged onset date.

3. The claimant has the following severe impairments: asthma; coronary artery disease, with history of myocardial infarction; diabetes mellitus; intellectual disorder; neurocognitive disorder; obesity; moderate obstructive sleep apnea; ischemic congestive cardiomyopathy.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to standing and walking for four hours total in an eight-hour workday; never able to climb ladders, ropes, or scaffolds; the claimant is limited to no more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing of ramps and stairs (as said posturals are defined in the SCO); the claimant must avoid hazards, such as dangerous moving machinery and unprotected heights; the claimant must avoid concentrated exposure to temperature extremes, humidity, and pulmonary irritants; the claimant must avoid more than occasional overhead reaching with the bilateral upper extremities and no more than frequent reaching in all other directions; the claimant is able to understand, remember, and carry out simple instructions to perform simple tasks; the claimant is limited to no more than occasional interaction with others; the claimant is unable to conduct assembly line type work or strict hourly quotas; instructions given the claimant should be primarily verbal, not written; the claimant is limited to no more than occasional changes to a routine work setting, where those changes are explained in advance.

6. The claimant has no past relevant work.

7.      The claimant was born in 1967 and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

8.      The claimant has at least a high school education.

9.      Transferability of job skills is not an issue because the claimant does not have past relevant work.

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.     The claimant was not under a disability, as defined in the Social Security Act, from October 1, 2019, through May 15, 2022.

Plaintiff did not file exceptions with the Appeals Council, and the Appeals Council did not take jurisdiction of the claim, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.984, 416.1484.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 11]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the

evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III.    Analysis

Among other matters, Plaintiff argues that the ALJ committed reversible error by inappropriately evaluating Plaintiff's cognitive impairment, and in so doing failed to follow the Appeals Council's order. When an ALJ hears a case on remand from the Appeals Council, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b), 416.1477(b).

In its order remanding the case to an ALJ to hold a second hearing, the Appeals Council found that, concerning the 2022 partially favorably decision:

> [T]he hearing decision does not adequately evaluate the findings of the consultative psychological examiner, James C. Ascough, Ph.D., when evaluating the limiting effects of the claimant's mental impairments. Dr. Ascough's report showed a significant level of cognitive limitations. The Weschler Adult Intelligence Scale-IV test, administered by Dr. Ascough, revealed a full-scale IQ of 74, which places the claimant in the fourth percentile. Explaining various subset scores, Dr. Ascough noted the claimant obtained "a very low" score in immediate auditory memory and that his scores in the category of Similarities, Arithmetic and Vocabulary were "within the range of intellectual disability." Dr. Ascough anticipated this would cause "significant difficulties" in learning, abstractions, and following instructions. Giving support to Dr. Ascough's findings, Dr. Bangura similarly noted the claimant had difficulty with memory and sustaining concentration and persistence. While the hearing decision stated the claimant's IQ score was considered, it did not address the findings related to the subtest scores and did not explain how the assessed residual functional capacity reflected the claimant's cognitive limitations.

AR 830-31 (citations omitted).

When the second hearing was held, the ALJ once again reported the full-scale IQ result in the hearing decision but ignored the subset scores, including the "very low" immediate auditory memory score that is consistent with and supported by Dr. Bangura's notes. *See* AR 761-62. The

Commissioner argues that the ALJ did consider this information and merely did not discuss the subset scores in numerical terms. However, the discussion in the second hearing decision closely tracks the discussion that the Appeals Council deemed insufficient in the first decision. The first is:

> The claimant underwent cognitive testing at said exam, which documented a full-scale IQ of 74. The examining physician, Dr. Ascough, reported that the claimant would have significant difficulty in learning, abstracts, and the following instructions, as well as difficulty retaining auditory information, but failed to opine as to specific limitations associated with said difficulties. Moreover, Dr. Ascough did not afford the claimant a psychiatric or mental diagnoses, but did reporte [*sic*] that the claimant's difficulties in understanding, processing and comprehending information has made it quite difficult for him to do most jobs, now compounded by medical difficulties. Said report as to difficulty doing most jobs is, once again, not an opinion as to specific limitations. Nevertheless, even after taking into account the claimant's FSIQ of 74, said difficulties were considered herein and incorporated into the limitations assessed herein.

AR 18-19. The second is:

> The claimant underwent cognitive testing at said examination, documenting a full-scale IQ (FSIQ) of 74, which the examiner noted as being within the range of intellectual disability. The examiner further reported or opined that they would anticipate significant difficulties in learning abstractions and following instructions, as well as difficulty in retaining auditory information. Nevertheless, the examiner reported that the claimant presented no specific medically determinable psychiatric impairments. The examiner noted that the claimant's functional limitations largely relate to a borderline level of intellectual functioning and physical difficulties. The examiner opined that the claimant's difficulty in understanding, processing, and comprehending information has made it quite difficult for him to do most jobs. Interestingly, the examiner reported that the claimant presented no specific medically determinable psychiatric impairments and failed to offer diagnosis opinion.

AR 761.

The ALJ did not comply with the mandate in the regulations to take the actions ordered by the Appeals Council. Because Plaintiff did not file exceptions with the Appeals Council—filing exceptions is not required after a remand from the court—the Appeals Council has not found, either implicitly or explicitly, that the second ALJ decision passes muster where the first decision failed.

And, without the Appeals Council's input, the Court can find no meaningful way in which to find that the second ALJ decision better discusses "the findings related to the subtest scores" or explains "how the assessed residual functional capacity reflected the claimant's cognitive limitations." AR 831.

Decisions of sister courts have found that failure to comply with the Appeals Council's remand order does not provide an independent basis for reversal and remand. *See Oak v. Kijakazi*, No. 22-CV-138-SLC, 2022 WL 17580595, at *3 (W.D. Wis. Dec. 12, 2022); *Johnson v. Kijakazi*, 2021 WL 3885535, at *4 (E.D. Wis. Aug. 31, 2021). However, that does not leave Plaintiff without a remedy here. In line with the Appeals Council's decision, the Court finds that the ALJ's decision, by not discussing the subset scores of the IQ test, based the decision on a serious factual omission. *See Beardsley*, 758 F.3d at 837. Accordingly, remand is required.

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 14] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 20th day of November, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record